**UNITED STATES of America**

v.

**George ARTHUR, Defendant.**

**No. 01 CR. 276(VM).**

United States District Court,
S.D. New York.

Nov. 21, 2002.

Diane Gujarati, Assist. U.S. Atty., Mary Jo White, U.S. Atty., New York City, for U.S.

Leonard Joy, Fed. Defender Services Unit, Gerald DiChiara, New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

On April 10, 2002, during the trial of this matter, counsel for the defendant moved this Court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court found no basis to grant the motion as to Court Two of the Indictment and reserved judgment as to Count One. Following the defendant's conviction, the Court continued to reserve judgment as to Count One in anticipation of a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because no Rule 33 motion was made, the Court articulated its ruling on the motion on the record on November 21, 2002 shortly before the Court imposed sentence on the defendant.

In addition, the Court has received correspondences from the parties disputing the quantity of heroin attributable to the defendant for purposes of determining his sentence. The defense maintains that no more than 1.7 kilograms has been established by the evidence which merits a base offense level of 32, whereas the government maintains that the evidence establishes a six kilogram figure and, accordingly, a base offense level of 34. The Court again resolved this dispute on the record

on November 21, 2002 prior to imposing sentence on the defendant.

For the reasons stated on the record on November 21, 2002, the relevant excerpts of which have been attached hereto and are incorporated herein, it is hereby

**ORDERED** that the defendant's motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure as to Count One of Indictment number 01 Cr. 276 is denied; and it is further

**ORDERED** that the government has met its burden of establishing by a preponderance of the evidence that the defendant intended and agreed to sell six kilograms of heroin in the course of committing the offense for which he was convicted under Count One of the Indictment.

**SO ORDERED.**

Attachment

**Statement by the Court Regarding Defendant's Rule 29 Motion for Judgment of Acquittal and Regarding the Parties' Dispute Over the Applicable Drug Quantity**

**November 21, 2002**

**I.**

On April 10, 2002, during the trial of this matter, counsel for the defendant moved this Court for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court found no basis to grant the motion as to Court Two of the Indictment and reserved judgment as to Count One. Following the defendant's conviction, the Court continued to reserve judgment as to Count One in anticipation of a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Because no Rule 33 motion was made, the Court will now state its ruling on the defendant's motion pursuant to Rule 29 as to Count One.

Rule 29 requires that a Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R.Crim.P. 29(a). There is a "very heavy burden placed upon a defendant challenging the sufficiency of the evidence underlying a conviction." *United States v. Brewer*, 36 F.3d 266, 268 (2nd Cir.1994) (citing *United States v. Rosenthal*, 9 F.3d 1016, 1024 (2nd Cir.1993)) (internal quotations omitted). This burden requires the defendant to "demonstrate that, viewing the evidence in the light most favorable to the government, ... no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Brewer*, 36 F.3d at 268–69 (citing *United States v. Jones*, 16 F.3d 487, 490 (2nd Cir.1994)) (internal quotations omitted). Thus, a court may only enter a judgment of acquittal if the evidence of the crime alleged is " 'nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.' " *United States v. Thomas*, No. S2 01 Cr. 76, 2002 WL 986708, at *1 (S.D.N.Y. May 13, 2002) (quoting *United States v. Guadagna*, 183 F.3d 122, 130 (2nd Cir.1999)). "In conspiracy cases, the deference given to the jury's verdict is especially important because 'conspiracy by its very nature is a secretive operation ....' " *Thomas*, 2002 WL 986708, at *1 (quoting *United States v. Pitre*, 960 F.2d 1112, 1121 (2nd Cir.1992)).

Count One of the Indictment charges the defendant with conspiracy to distribute one kilogram and more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(a), a crime which carries a maximum statutory penalty of life imprisonment. According to the Second Circuit Court of Appeals, "[i]n order to prove a conspiracy charge against a defendant, the

government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it. . . . Both the existence of the conspiracy and the defendant's participation in it with the requisite criminal intent may be established through circumstantial evidence. . . . The defendant need not know the identities of all of the other conspirators, nor all of the details of the conspiracy. . . . The essence of conspiracy is the agreement and not the commission of the substantive offense." *United States v. Gore*, 154 F.3d 34, 40 (2nd Cir. 1998) (citations omitted).

■ At trial, Emmanuel Yamoah testified that after being recruited by a man named "Seth" to smuggle heroin, supplied by a contact of Seth's named "Taifa" in Africa, into the United States and delivering it to a man named "Patrick," Patrick was having trouble selling six kilograms of the heroin himself. Yamoah further testified that he therefore offered to, and did, introduce Patrick to the defendant in and around April of 2000, that at this introduction, prices were negotiated and Patrick told the defendant that he had six kilograms of heroin to sell, and that the defendant said he would try to find buyers. (Transcript of trial ("Tr."), at 358–65, 384.)

Testimony from Michael Ogundana, the government's confidential informant, and Agent Mark Grey of the Drug Enforcement Administration, audiotape recordings of conversations between Ogundana and the defendant, and various other physical exhibits introduced by the government indicate: that the defendant offered on October 31, 2000 to sell to Ogundana "one and seven" of heroin, meaning 1.7 kilograms, (Tr., at 187–190, 270); that Ogundana and the defendant agreed to meet so that the

defendant could provide Ogundana with samples of the heroin he was offering for sale; and that they in fact did meet on January 3, 2001 for this purpose. (Tr. at 191–192, 215–225.) Ogundana explained that he and the defendant sometimes negotiated details through a mutual friend, "Tayo," serving as a middleman in the transaction who would be paid half of Ogundana's profit. (Tr. at 188.)

Ogundana also testified that in and around May and June of 2000, he and the defendant, who were brought together by Tayo, discussed Ogundana's buying three kilograms of heroin through the defendant for $85,000 per kilogram, adding that this transaction ultimately fell through because of financial difficulties with the drug courier. (Tr. at 121–135.)

Accordingly, the Court finds that, based on the evidence introduced by the government at trial, a reasonable jury could find beyond a reasonable doubt that the defendant agreed to and did participate in a narcotics trafficking scheme—involving, among others, himself, Yamoah, Patrick, Tayo, and Taifa—that he did so intentionally, and the quantity of heroin at issue was over one kilogram as prescribed in § 841(b)(1)(a)(i). Accordingly, the defendant's motion pursuant to Rule 29 is denied.

## II.

The Court has received Mr. DiChiara's letter dated November 1, 2002 disputing the quantity of heroin attributed to Mr. Arthur's offense conduct in the presentence investigation report, as well as the government's response letter dated November 12, 2002 and Mr. DiChiara's reply letter dated November 18, 2002. At bottom, the defense argues that the evidence does not establish that the defendant agreed or intended to sell six kilograms of heroin but, rather, only 1.7 kilograms, and

that, therefore, a base offense level of 32 rather than 34 should apply. The government disagrees, arguing that the evidence in fact was sufficient to attribute to the defendant the greater quantity of heroin and, accordingly, to trigger the higher base offense level.

Drug quantity becomes an element of the offense requiring proof beyond a reasonable doubt when that determination results in a sentence above the statutory maximum for an indeterminate quantity of drugs. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Thomas*, 274 F.3d 655, 660 (2nd Cir.2001) (same). Otherwise, "[t]he quantity of drugs attributable to a defendant at the time of sentencing is a question of fact for the district court, subject to a clearly erroneous standard of review." *United States v. Hazut*, 140 F.3d 187, 190 (2nd Cir.1998); *see United States v. Garcia*, 240 F.3d 180, 183 (2nd Cir.2001) ("We see nothing in the [Supreme] Court's ruling in *Apprendi* or its explication of the holding that alters a sentencing judge's traditional authority to determine those facts relevant to selection of an appropriate sentence within the statutory maximum ...."); *United States v. Moreno*, 181 F.3d 206, 214 (2nd Cir.1999). In this vein, Application Note 12 to Section 2D1.1 of the United States Sentencing Guidelines charges a sentencing court to make this determination providing: "Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level.... where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." Furthermore, the Second Circuit has explained that "proof by a preponderance of the evidence is the applicable burden of proof when a sentencing judge is asked to assess disputed facts relevant to sentencing ...." *United States v. Cordoba–Murgas*, 233 F.3d 704, 708 (2nd Cir.2000) (citations omitted; internal quotations omitted). Here, this burden lies with the government to establish the quantity of heroin rightly attributable to the defendant. *See Moreno*, 181 F.3d at 213.

The Court has already recited certain key sources of evidence introduced at trial by the government with respect to the defendant's Rule 29 motion. This same evidence informs the Court's analysis with respect to the amount of heroin rightly attributable to the defendant. Based on this evidence, the Court finds that the government has met its burden. The evidence establishes that the defendant agreed to sell the six kilograms Patrick was having trouble selling in April 2000, that in May 2000 he began negotiating with Ogundana to sell him three kilograms through Tayo, and that he resumed negotiations in October 2000 to sell Ogundana 1.7 kilograms, again through Tayo. While this latter quantity is below the three kilogram threshold specified in U.S.S.G. § 2D1.1(c)(3), it corroborates Yamoah's testimony that the defendant agreed with Patrick to sell the six kilograms Patrick himself was having trouble selling. Therefore, the Court will attribute to the defendant an intent and agreement to sell six kilograms of heroin, and will apply a base offense level of 34 accordingly. The Court will note that the statutory maximum term of incarceration under Count One is life imprisonment. Therefore, the present dispute between a base offense level of 32 or

34 does not implicate the principles articulated by the Supreme Court in *Apprendi*.